(Court of Appeal, Parish of Orleans.)

## CHARLES BRUNING vs. STOCK AND COMPANY. AND P. G. HUTH.

Involves only issues of fact.

Appeal from the Civil District Court, Division "C."

Buck, Walshe & Buck, for plaintiff and appellant.

Woodville & Woodville, E. P. Foley, for defendant and appellee

ST. PAUL, J.—Plaintiff sues defendant and its surety for two and one-half months rent under a lease, and also for the difference in a year's rent of the premises due to his having to re-rent the premises at a smaller rental, owing to defendant's refusal to take the premises.

The defense set up by the lessee is that the premises were not ready for delivery at the time when the lease was to start, and there is a reconventional demand for damages because of plaintiff's alleged failure to have them so.

The surety filed an exception of no cause of action which was overruled, but he has presented to this Court neither brief nor argument in support thereof, and as we ourselves see no merit therein, the ruling of the District Judge will not be disturbed.

His answer sets up substantially the same defense as that of the lessee.

The case presents only questions of fact. The District Judge, who saw and heard the witnesses, concluded that the lessees complaint as to the condition of the premises

was not well founded, and that it breached the contract without just cause.

Our own reading of the testimony brings us to the same conclusion. The evidence impresses us with the belief that defendant came to regret the contract it had made and merely sought a pretext on which to annul it.

We think, however, that the District Judge should have allowed plaintiff the rent for the month of October. The lease clearly contemplated that defendant was to pay rent for that month, although plaintiff was to have the privilege of completing certains repairs and making certain improvements during said month, which he did.

We think that the District Judge correctly allowed and fixed the amount of damages. The lease had three years to run and defendant was put in default at once.

Plaintiff then endeavored to lease the premises anew, but was able to find a tenant for two years only. For the balance of the first year the rent was the same; for the second year, $25 less per month was all he could get; he was unable to obtain a lease covering the third year. although he endeavored to do so. The presumption is that no one was willing to pay for that year even the rental which had been agreed upon with defendant.

Under the circumstances we think that plaintiff had the right to treat the lease as cancelled for that year. The obligation was a conjunctive and divisible one. **C. C. 2065.**

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by increasing the amount allowed plaintiff to six hundred and ninety dollars ($690.00) and as thus amended that said judgment be affirmed at the cost of defendants in both Courts.

March 4th, 1912.

Rehearing refused, April 1st, 1912.

May 6th, 1912, Decree Supreme Court, writ denied.